## Neshaminy School District v. Holland Enterprises, Inc.

*Allen W. Toadvine,* for plaintiff.
*William M. Connell,* for defendant.

BIESTER, *J.,* March 5, 1984—This is an action is assumpsit in which the Neshaminy School District seeks payment of certain taxes which it alleges are due and owing from defendant and as to which defendant claims various exemptions and unconstitutionality of the taxing resolution.

The facts are not in dispute and the case is virtually one stated. The facts necessary for a resolution of the matter may be spelled out as follows:

Plaintiff is Neshaminy School District a duly organized second class school district within the Commonwealth of Pennsylvania with its principal place of business at 2001 Old Lincoln Highway, Langhorne, Bucks County, Pa.

Defendant is Holland Enterprises, Incorporated, a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 260 Lower Holland Road, Holland, Bucks County, Pa.

During the period from January 1, 1979 until present defendant constructed and sold residential homes within the Neshaminy School District at a development known as Hampton Bridge, Middletown Township.

Defendant has never paid any business privilege taxes from January 1, 1979 to the present and plaintiff has demanded the filing of said business privilege tax returns and the payment of said taxes but defendant has failed to file any returns and refused to pay said sums or any part thereof.

The applicable taxing resolution under which plaintiff is bringing this action was duly adopted by the Neshaminy School District on January 15, 1979 and became effective on July 1, 1979. The said business privilege tax resolution is still in effect and was in effect at all times relevant hereto. If defendant is found to be taxable under the resolution then the applicable tax rate would be one and one-half mills on each dollar of volume of gross annual business.

The taxing resolution in pertinent part is as follows:

"Resolution Of The Board Of School Directors Of The Neshaminy School District Of Bucks County, Pennsylvania Providing For An Regulating The Assessment, Levy And Collection Of An Annual Business Privilege Tax Upon Persons, Firms, Compa-

nies And Corporations Engaging In Business Described Herein Within The Neshaminy School District . . .

Now, Therefore, Be It And It Is Hereby Resolved by the Board of School Directors of the Neshaminy School District, Bucks County, Pennsylvania, under and by virtue of the authority vested in it by 'The Local Tax Enabling Act', P.L. 1257, December 31, 1965, as amended of the General Assembly of the Commonwealth of Pennsylvania, that a tax and license fee to provide revenue for general school purposes, be and the same are hereby levied, assessed and imposed commencing July 1, 1979, and continuing until amended or modified as provided by law, upon the privilege of doing certain business within the Neshaminy School District, as follows:

SECTION I

This resolution shall be known as the Business Privilege Tax Resolution.

SECTION II

The following words and phrases, when used in this Resolution, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning.

SECTION II DEFINITIONS

A. BUSINESS. Any activity carried on or exercised for gain or profit when in the Neshaminy School District, including but not limited to, the sale of merchandise or other tangible personalty or the performance of services and the rental of personalty and/or realty.

* * *

3. PERSONS, BUSINESS AND RECEIPTS EXEMPTED.

(a) Persons and Businesses — Persons employed for a wage or salary, non-profit corporations or associations organized for religious, charitable or educa-

tional purposes, agencies of the Government of the United States or the Commonwealth of Pennsylvania and the business of any political subdivision, or of any authority created or organized under the pursuant to any act of assembly are exempt from the provisions of this resolution.

(b) No such tax shall be assessed and collected on a privilege, transaction, subject or occupation which is subject to a state tax or license fee, and which tax or license fee has been held by the Courts of Pennsylvania to be the basis for exemption from the imposition of a business privilege tax by a political subdivision.

(c) Utilities — No such tax shall be assessed and collected on the gross receipts from utility service of any person or company whose rates of service are fixed and regulated by the Pennsylvania Utility Commission; or on any public utility service rendered by any such person or company or on any privilege or transaction involving the rendering of any such public utility service.

(d) State Tax on Tangible Property — No such tax shall be assessed and collected on the privilege of employing such tangible property as is subject to a state tax except on sales of admission to places of amusement or on sales or other transfers of title or possession or property.

(e) Production and Manufacture — No such tax shall be assessed and collected on goods, articles, and products, or on by-products of manufacture, or on minerals, timber, natural resources, and farm products, manufactured, produced, or grown in the School District or on the preparation or processing thereof for use or market or on any privilege, act or transaction relating to the business of manufacturing, the production, preparation or processing of minerals, timber and natural resources or farm

products, by manufacturers, by producers, and by farmers with respect to goods, articles and products of their own manufacture, production or growth, or any privilege, act or transaction relating to the business or processing by-products of manufacture, or the transportation, loading, unloading or dumping or storage of such goods, articles, products or by-products."

Defendant bases its refusal to pay the tax on three propositions. One that the resolution is unconstitutional for vagueness in that defendant alleges while the resolution expresses clear intention to tax "certain business" it is defendant's position that the resolution does not anywhere properly define what "certain business" is, in fact, subject to the tax. The second basis for failure to pay the tax is that defendant's allegation that its activities are in fact manufacturing and as manufacturing are exempt under the language of the resolution. And thirdly, at least since July 1, 1982 there is no further liability on the part of defendant as a result of an act of the Legislature enacted June, 1981 which is 53 Pa. C.S. §6902(11), P.S. 1983-84. We will treat the defenses seriatim.

While it is correct that the resolution does announce an intention to place a business privilege tax upon "certain business" in the school district, we cannot agree with the defendant that the resolution does not thereafter satisfactorily identify those business activities to be taxed and those business activities to be exempt. The resolution defines business as follows:

"SECTION II — DEFINITIONS

(a) Business. Any activity carried on or exercised for gain or profit when in the Neshaminy School District including but not limited to the sale of merchandise or other tangible personalty or the perfor-

mance of services in the rental of personalty and/or realty."

The resolution then goes on in a subsequent section to identify certain persons, business and receipts which are exempt as follows:

"3. Persons, business and receipts exempted.

(a) Persons and businesses — persons employed for a wage or salary nonprofit corporations or associations organized for religious, charitable or educational purposes, agencies of the Government of the United States or of the Commonwealth of Pennsylvania and the business of any political subdivision or of any authority created or organized under the [sic] pursuant to any act of assembly are exempt from the provisions of this resolution.

(b) No such tax should be assessed and collected on a privilege transaction subject or occupation which is subject to a state tax license fee and which tax or license fee has been held by the Courts of Pennsylvania to be the basis for the exemption from the imposition of a business privilege tax by a political subdivision.

(c) Utilities. No such tax should be assessed or collected on the gross receipts from utility service of any person or company whose rates of service are fixed and regulated by the Pennsylvania Utility Commission or on any public utility service rendered by any such person or company or any privilege or transaction involving the rendering of any such public utility service.

(d) State tax on tangible property — No such tax shall be assessed and collected on the privilege of employing such tangible property as is subject to a state tax except on sales of admission to places of amusement or on sales or other transfers of title or possession or property."

Any fair reading of the resolution therefore demonstrates that any business activity is subject to the tax except precisely *identified* activities which are declared exempt. Hence, all business activity is taxable except those specifically made exempt by the resolution. Hence, the necessity in the earlier clause of the resolution of the use of the phrase "doing certain business" since exempt business activity is not taxed but all other business activity is taxed. The resolution is not vague in any respect and clearly enacts the tax and clearly identifies in a fair manner those subject to the tax.

With respect to defendant's position that its activities are manufacturing and therefore exempt from the tax we need only refer to the case of Heisey v. Elizabethtown Area School District, 67 Pa. Commw. 27, 445 A.2d 1344 (1982), in which the Commonwealth Court clearly held that the General Assembly did *not* intend to include the construction of homes as a manufacturing process beyond the taxing authority of a school district under the Local Tax Enabling Act. We believe that defendant has effectively conceded the matter and did not urge the matter strenuously at the hearing and recognized the impact of Heisey upon defendant's theory of the case with respect to manufacturing.

With respect to the collection of the tax after July 1, 1982 the applicable legislation effectively prohibits a school district from imposing a tax "on the construction of or improvement to residential dwellings or upon the application for the construction of or improvements to residential dwellings."

Clearly, the effect of the subject tax is to levy, assess and collect a tax on the construction of residential dwellings *to that extent,* and after July 1, 1982 (the legislation grandfathered out for one year school districts which had already imposed the tax)

the said tax was invalid and defendant was not obliged to pay any such tax. Therefore, we find that the prayed for tax, penalty, interest and license fee which total $439.50 covering the period from July 1, 1982 to June 30, 1983 is not due and owing from the defendant to the plaintiff, but that all other sums prayed for by plaintiff of defendant are due and owing in the following amounts:

(a) July 1, 1979 to June 30, 1980

| | |
|---|---:|
| Business Privilege Tax | $4,271.49 |
| Penalty | 427.15 |
| Interest to December 1, 1982 | 576,65 |
| License Fee | 5.00 |
| | $5,280.29 |

(b) July 1, 1980 to June 30, 1981

| | |
|---|---:|
| Business Privilege tax | $1,272.97 |
| Penalty | 127.30 |
| Interest to December 1, 1982 | 95.47 |
| License Fee | 5.00 |
| | $1,500.74 |

(c) Interest for (a) and (b) for period from December 1, 1982 to October 1, 1983     $ 305.95

(d) July 1, 1981 to June 30, 1982

| | |
|---|---:|
| Business Privilege Tax | $1,313.39 |
| Penalty | 131.34 |
| Interest to October 1, 1983 | 72.24 |
| License Fee | 5.00 |
| | $1,521.97 |

Total     $8,608.95

## ORDER

Upon consideration of defendant's motion for post-trial relief and following oral argument and additional submissions the court enters the following order.

And now, this March 5, 1984 defendant's several motions for post-trial relief are denied. See Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association, 453 Pa. 124, 306 A.2d 881 (1973).